IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PETER BERNEGGER, #09660-089                                                       PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 3:12-cv-161-DPJ-FKB

OFFICE OF THE STATE AUDITOR OF MISSISSIPPI                           DEFENDANT

ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. On March 6, 2012, Plaintiff Bernegger, an inmate of the Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution, Morgantown, West Virginia, filed this *pro se* Complaint pursuant to the Administrative Procedures Act, the Freedom of Information Act and the Privacy Act. See 5 U.S.C. § 551, §552, § 552a. Plaintiff's request to proceed *in forma pauperis* was granted on June 19, 2012. Upon liberal review of the Complaint the Court has reached the following conclusions.

**I. Background**

Plaintiff was convicted of mail fraud and bank fraud in the United States District Court for the Northern District of Mississippi. *U.S. v. Bernegger*, No. 1:07-cr-176 (N.D. Miss. May 10, 2010). As a result, Plaintiff was sentenced to serve seventy months in the custody of the Bureau of Prisons. Plaintiff's conviction and sentence was affirmed by the United States Court of Appeals for the Fifth Circuit. *See U.S. v. Bernegger*, No. 09-60932 (5th Cir. Oct. 20, 2011).

Plaintiff maintains that employees of the State Auditor's Office worked very closely with the FBI and the United States Attorney's Office during the criminal investigation and subsequent court proceedings responsible for his current incarceration. Plaintiff states that on February 9, 2012, he "sent a proper request for information to the Auditor under the federal statutes" and

cites the Administrative Procedures Act (APA), Freedom of Information Act (FOIA) and the Privacy Act.  Compl. [1] at 2.  Plaintiff claims that the Defendant failed to respond to his request in accordance with the applicable federal statutes.  It appears Plaintiff is claiming that since employees of the State Auditor's Office were involved in his federal criminal investigation and subsequent court proceedings, that in effect, they are a federal agency subject to provisions of the APA, FOIA and Privacy Act.[1]  As relief in this suit, Plaintiff is requesting injunctive relief and monetary damages.

## II. Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* (IFP) in this Court.  Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test

---

[1] The Court notes that Plaintiff is also litigating a case pursuant to the Freedom of Information Act against the FBI in this Court.  *See Bernegger v. FBI,* No. 3:12-cv-63-HTW-LRA.

the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The Administrative Procedures Act, the Freedom of Information Act and the Privacy Act can provide a basis for a civil action against an agency in certain circumstances. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (holding agency is proper defendant in cause of action under Freedom of Information Act or the Privacy Act). But the civil remedies provided for in each of these Acts is clearly limited to actions against agencies of the United States Government. *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (recognizing that the Privacy Act, by incorporating definitions of "agency" found in the Freedom of Information Act and Administrative Procedures Act, "applies only to federal government agencies").[2] Thus Plaintiff cannot seek relief under these Acts against a state agency or a state official. *See Spurlock v. Ashley County,* 281 F. App'x 628, 629 (8th Cir. 2008) (collecting cases) (holding that Privacy Act applies exclusively to federal agencies); *Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2004) (holding inmate was not entitled to copies of transcripts and records from his state-court criminal case under the Freedom of Information Act because it applies to federal agencies, not state agencies). Furthermore, the Court is not persuaded by Plaintiff's purported assertion that these Acts apply to the State Auditor's Office because certain individuals in the office were "part of and acted as a federal team" during the criminal investigation and trial that led to his current

---

[2]The shared statutory definition of agency is limited to "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency." 5 U.S.C. § 551(1); § 552(f)(1); §552a(a)(1).

federal conviction and sentence. Compl. [1] at 4. The Court finds no authority allowing a state agency to be considered a federal agency for purposes of the APA, FOIA or the Privacy Act.[3] Since the Office of the State Auditor of Mississippi is not an agency of the United States government Plaintiff cannot maintain this action under the APA, the FOIA or the Privacy Act.[4]

### III. Conclusion

In sum, Plaintiff it not entitled to relief against the named Defendant under the Administrative Procedures Act, the Freedom of Information Act or the Privacy Act. Consequently, this Complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since this case is dismissed pursuant to this provision of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. §

---

[3] *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124-25 (2d Cir. 2008) (finding company that provided collection services for three federal agencies was not an agency of the United States government for purposes of the Privacy Act); *Ehm v. Nat'l R.R. Passenger Corp.*, 732 F.2d 1250, 1255 (5th Cir. 1984) (holding Amtrack is not a "Government controlled corporation," within the meaning of § 552(e), thus not an agency of the federal government, even though the federal government appoints six members of its board of directors and Amtrack is financially accountable to the federal government).

[4] In the closing of his Complaint, Plaintiff states in a conclusory manner that he is invoking his constitutional rights to due process and equal protection "whereby the Auditor is subject to federal law in this case, [ ] and all trumps their references to Mississippi state law." Compl. [1] at 4. Presumably Plaintiff is referencing the letter he has attached to his Complaint from the State Auditor's Office declining to provide the requested information because it is exempt from the requirements of the Mississippi Public Records Act. The State Auditor's refusal to provide the requested information based on state law does not violate Plaintiff's constitutional rights. First, Plaintiff lacks the necessary protected liberty interest in these records entitling him to the protections of the Due Process Clause. *See Christian v. Gourd,* No. 99-10823, 2000 WL 554268 (5th Cir. Apr. 12, 2000) (holding inmate did not have liberty interest in requested information thus he failed to show a violation of his due process rights when his request for a copy of his police report was denied). Secondly, Plaintiff has not set forth how other similarly situated individuals have been provided a copy of the Auditor's investigative files thereby denying him equal protection of the laws. *See Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. 2010)("[A] violation of equal protection occurs only when the government treats someone differently than others similarly situated. . .") (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)). And finally, any alleged violation of the Mississippi Public Records Act does not implicate a federally protected right. *See C.H., II ex rel. L. H. v. Rankin Cnty. Sch. Dist.,* 415 F. App'x 541, 546 (5th Cir. 2011) (finding violation of a state statute does not implicate a federally protected right).

1915(g). If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be issued.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2012.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE